IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| MOHAMMED HAMID DEHGHANI, PRO SE, § <br> TDCJ-CID No. 881419, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> RICHARD VOGELGESANG, Warden, § <br> MICHAEL SAVERS, Assistant Warden, § <br> WILLIAM CULLUM, Captain, § <br> JASON COOK, Lieutenant, and § <br> AMY LOWERY, Counsel Substitute, § <br> § <br> Defendants. § | 2:05-CV-0239 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MOHAMMED HAMID DEHGHANI, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 and has been granted permission to proceed *in forma pauperis*.

Plaintiff claims defendant COOK wrote a case accusing plaintiff of striking another inmate when the other inmate was actually the aggressor and receive no disciplinary case. Plaintiff states defendant LOWERY was his Counsel Substitute during the disciplinary hearing but she did not get attendance by his witnesses or the medical evidence he had requested. Plaintiff claims defendant CULLUM was the disciplinary hearing officer and violated plaintiff's due process rights by not getting or not allowing attendance by plaintiff's witnesses and by not getting plaintiff's evidence. Plaintiff's Step 1 grievance no. 2005107440 attached to his complaint states that he suffered 30 days of cell restriction, 30 days of commissary and recreation restriction, and a demotion in classification.

Plaintiff further claims he wrote two letters to defendant Warden VOGELGESANG complaining that the disciplinary charge was false but received no response. Plaintiff claims defendant SAVERS denied his step 1 grievance appealing the disciplinary case.

Plaintiff requests an award of compensatory and punitive damages and declaratory judgment that his Fourteenth Amendment rights have been violated.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

A prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995))[3]. Plaintiff's cell restriction and loss of recreation and commissary privileges is not an "atypical and significant hardship" on which a federally-protected liberty interest may be grounded. Moreover, the effect on the duration of his sentence that a reduction in class has upon an inmate's ability to earn good-time credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Consequently, plaintiff's challenges to the due process received during the disciplinary hearing and his claims against defendant CULLUM lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claims against defendant Substitute Counsel LOWERY, the Court notes a counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the

---

[3] The *Sandin* Court expressly recognized the unusual deprivations in *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital), and *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)(forcible administration of psychotropic drugs), also involved a liberty interest.

Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official).  Plaintiff's claim against defendant LOWERY lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's claim against defendant COOK appears to be that the disciplinary charge was "false;" however, plaintiff does not allege defendant COOK knew he was not the aggressor or acted in bad faith in writing the disciplinary case.  This would appear to claim, at most, that defendant COOK was merely wrong.  Nevertheless, if plaintiff is claiming COOK knowingly wrote a false disciplinary charge against him, this claim is one of malicious prosecution; however, there is no longer a freestanding section 1983 claim for malicious prosecution in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  Consequently, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Plaintiff's claims against defendants SAVERS and VOGELGESANG are based on their alleged failure to adequately investigate and satisfactorily resolve his grievance and letters of complaint.  Inasmuch as the result of plaintiff's grievance to SAVERS and his letters to VOGELGESANG have no bearing on the duration of his confinement, the plaintiff cannot show the existence of a state-created liberty interest in an inmate grievance procedure, much less in an informal complaint to VOGELGESANG. *See, Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).  Plaintiff's claim against SAVERS and VOGELGESANG  lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's claim against defendant VOGELGESANG is also based on a theory of *respondeat superior*; however, theories of vicarious liability, such as *respondeat superior*, cannot

4

support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Thus, when analyzed on this basis as well, plaintiff's claim against defendant VOGELGESANG lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff MOHAMMED HAMID DEHGHANI is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  28th  day of April, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE